UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| Angelo Stifano Mazzone,<br>    Plaintiffs<br>v.<br><br>KRISTI NOEM, Secretary, U.S. Department of Homeland Security; JOSEPH B. EDLOW Director U.S. Citizenship and Immigration Services; DEPARTMENT OF HOMELAND SECURITY; U.S. CITIZENSHIP AND IMMIGRATION SERVICES, SERVICES; and D. ANDREW SANDERS, Field Office Director, U.S. Citizenship and Immigration Services, Los Angeles Field Office,<br>    Defendants. | C.A. No. |

## PLAINTIFF'S COMPLAINT FOR
## WRIT OF MANDAMUS

This action is brought by the Plaintiff, **Angelo Stifano Mazzone,** against the Defendants to compel action on a pending Form I-290B, Motion to Reconsider. The Motion to Reconsider was properly filed by the Plaintiff in November, 2024 to correct a clear legal error made by the Defendant, U.S. Citizenship and Immigration Services, in its decision to deny his application to adjust status. The Motion to Reconsider remains within the jurisdiction of the Defendants, who have improperly withheld action on said Motion to the Plaintiffs' detriment.

## PARTIES

1. The Plaintiff, **Angelo Sitfano Mazzone,** is a 43 year old native and citizen of Venezuela. He currently resides in Revere, Massachusetts.

2. The Defendant, **Kristi Noem**, is being sued in her official capacity as the Secretary of the Department of Homeland Security. In this capacity, she is charged with the administration and enforcement of the immigration laws, pursuant to 8 U.S.C. § 1103, and she possesses extensive

discretionary powers to grant certain relief to non-U.S. Citizens. More specifically, the Secretary of the Department of Homeland Security is responsible for the adjudication of visa petitions, applications to adjust status, and various other immigration applications pursuant to §§ 204, 245, et. seq. of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1154 and 8 U.S.C. §1255, et. seq.  The U.S. Citizenship and Immigration Services is an agency within the Department of Homeland Security to whom the Secretary's authority has in part been delegated, and is subject to the Secretary's supervision.

3.      The Defendant, **Joseph B. Edlow**, is being sued in his official capacity as the Director of the U.S. Citizenship and Immigration Services. In this capacity, he is charged with the administration and enforcement of the immigration laws, pursuant to 8 U.S.C. § 1103, and he possesses extensive discretionary powers to grant certain relief to non-U.S. Citizens. More specifically, the Director of the U.S. Citizenship and Immigration Services is responsible for the adjudication of visa petitions, applications to adjust status and various other immigration applications pursuant to §§ 204, and 245 et seq. of the INA, 8 U.S.C. § 1154 and 8 U.S.C. § 1255 et seq. The U.S. Citizenship and Immigration Services is an agency within the Department of Homeland Security to whom the Secretary's authority has in part been delegated and is subject to the Secretary's supervision.

4.      The Defendants **Department of Homeland Security (hereinafter "DHS") and the U.S. Citizenship and Immigration Services (hereinafter "USCIS")** are the agencies responsible for enforcing the INA and for adjudicating and properly acting on the Plaintiff's pending Motion to Reconsider.

5.      The Defendant, **USCIS,** includes various field offices throughout the United States which conduct interviews and adjudicate applications for immigration benefits such as the one filed by

the Plaintiff. The Defendant, **D. Andrew Sanders**, is the Field Office Director of the Los Angeles, California Field Office of USCIS, which is the place that denied the Plaintiffs application to adjust status and where, on information and belief, the Plaintiff's Motion to Reconsider is currently pending. The Los Angeles Field Office of USCIS is located at 300 N. Los Angeles Street, Los Angeles, CA 90012.

## JURISDICTION

6.  Jurisdiction in this case is proper under 28 U.S.C. §§ 1331 and 1361, 5 U.S.C. § 701 et seq., and 28 U.S.C. § 2201 et seq.  Relief is requested pursuant to said statutes. This action is not barred by the Real ID Act, P.L. 109-13, 119 Stat. 231 (May 11, 2005). The Plaintiff files this case merely to compel action on a long-delayed Motion to Reconsider. The Plaintiff does not seek review of a discretionary decision of the Defendants.

## VENUE

7.  Venue is proper in this court, pursuant to 28 U.S.C. § 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the district where the Plaintiff and a Defendant reside and where a substantial portion of the events or omissions giving rise to the Plaintiff's claims occurred.  More specifically, the Plaintiff resides in Massachusetts and any in-person interview in connection with his immigration benefit will occur in Massachusetts.

## EXHAUSTION OF REMEDIES

8.  The Plaintiff has exhausted his administrative remedies. The Plaintiff paid the $800.00 filing fee for his Motion to Reconsider and has made many inquiries regarding the status of that motion. However, as of this date, the USCIS has failed to make a decision on the Plaintiff's motion.

**CAUSE OF ACTION**

9. The Plaintiff has lived and legally worked in the United States since 2012 when he entered this country with an H-1B visa. Over the years the Plaintiff has had employment authorization based on a pending application for asylum and Temporary Protected Status (TPS). He currently has TPS and a valid employment authorization card which is valid until September 10, 2025.

10. On May 18, 2020 the Plaintiff's employer, First Falcon Corporation, filed a visa petition on his behalf on Form I-140. The USCIS approved the I-140 by notice dated April 30, 2021 with priority date September 11, 2019. Based on his approved visa petition the Plaintiff became eligible to seek adjustment of status with the USCIS and on March 20, 2022, he filed an application to adjust status with that agency. While his application to adjust status was pending with the USCIS, the Plaintiff obtained TPS which he renewed in 2022. In August, 2022, the USCIS denied the Plaintiff's application to adjust status.

11. In 2022 the Plaintiff applied for permission to re-enter the United States after foreign travel based his TPS status. By notice dated November 14, 2023, the USCIS approved the Plaintiff's permission to re-enter this country after foreign travel on Form I-512T. (A copy of the approval notice is attached hereto as Exhibit A). At the time the USCIS approved the Plaintiff's Form I-512T, the agency's policy regarding foreign travel for individuals with TPS was to inspect and admit them to this country in TPS status. Form I-512T specifically states, "if you travel and return in accordance with your TPS travel authorization and your TPS remains valid, you will be *admitted* into TPS…" Upon return to this country after foreign travel an individual with TPS would be eligible to adjust status pursuant to an approved visa petition in an employment based visa category provided the individual was admitted to this country, had a visa

immediately available, and is otherwise eligible to adjust status pursuant to INA § 245(a); 8 U.S.C. § 1255(a). In the event the individual worked without authorization or otherwise violated the terms of his/her non-immigrant status, he/she could still adjust status provided the violations of status did not exceed 180 days subsequent to his/her lawful admission to this country. *See INA § 245(k); 8 U.S.C. § 1255(k).*

12.     In late November, 2023, the Plaintiff traveled outside the United States with his Form I-512T entitled "A*uthorization for Travel by a Noncitizen to the United States*." *See Exhibit A.* On December 3, 2023, the Plaintiff was inspected and admitted to the United States with his approved Form I-512T. (Copies of the Plaintiff's Passport with admission stamp and his Departure Record from U.S. Customs and Border Protection are attached hereto as Exhibit B). On December 15, 2023, based on his valid TPS status and his lawful admission to this country, the Plaintiff filed a new application to adjust status based on his approved I-140 visa petition and based on the fact that he was "admitted" to the United States. By decision dated October 28, 2024, the Defendants, USCIS and D. Andrew Sanders, denied the application to adjust without an interview or based on the determination that the Plaintiff's entry to the United States on December 3, 2023 was a "parole" and not an "admission." (A copy of the decision is attached hereto as Exhibit C).

13.     On November 13, 2024, the Plaintiff filed a timely Form I-290B Motion to Reconsider the USCIS decision dated October 28, 2024 and paid the required $800.00 filing fee. (A copy of the Receipt for Form I-290B is attached hereto as Exhibit D). In his Motion to Reconsider, the Plaintiff argued that the USCIS decision to deny his application to adjust status was legally incorrect. In fact, the documents at Exhibits A and B unequivocally confirm that the Plaintiff was

"admitted" to the United States on December 3, 2023 with his TPS Form I-512T entitled "A*uthorization for Travel by a Noncitizen to the United States*."

14.     The USCIS decision to deny the Plaintiff's application to adjust status is so blatantly wrong the agency has no option, but to reconsider its decision and reopen the Plaintiff's application to adjust status. Opening the Plaintiff's application to adjust status on an emergency basis is essential to his ability to obtain residence in this country. To the extent the Plaintiff's application to adjust status is not reopened immediately, he will be out of status and even if the USCIS eventually corrects its obvious error, he may be legally prohibited from adjusting his status. This litigation is the Plaintiff's only option to seek his residence. Subsequent to filing Form I-290B, the Plaintiff and his attorney have made numerous inquiries regarding the status of the Motion to Reconsider, including inquiries through Congressional members.

15.     The Plaintiff paid all required fees for his motion to reconsider and has complied in all respects with the INA regarding his application to adjust status and the motion to reconsider in an effort to correct an obvious legal error made by the defendants in the adjudicative process. Despite all his efforts, the USCIS has not responded to the Plaintiff's inquiries and has refused to adjudicate his Motion to Reconsider despite the obvious error made by the Defendants in the adjudicative process and despite the peril which the Plaintiff will encounter if his Motion to Reconsider is not adjudicated immediately.

16.     The government's failure to adjudicate the Plaintiff's Motion to Reconsider has caused the Plaintiff to suffer constant anxiety and has put his life on hold. As a direct result of the Defendants' failure to perform their duties to adjudicate the motion to reconsider, the plaintiff has lost valuable time as a resident of the United States that will eventually lead to citizenship in this country. More importantly, the Plaintiff's TPS is about to be terminated by the current

administration in Washington, DC and he will quickly fall out of status which may render him legally ineligible to adjust his status. The USCIS' failure to adjudicate the Plaintiff's Motion to Reconsider has had a profound impact on the Plaintiff and he is entitled to a decision on his pending motion. Once the motion is granted his application to adjust status will be pending and he can apply for all benefits associated with a pending application to adjust status including employment authorization.

17. The Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq., are unlawfully withholding or unreasonably delaying action on the Plaintiffs motion to reconsider and have failed to carry out the adjudicative functions delegated to them by law with regard to the Plaintiff's case. The Plaintiff is entitled to a decision on his motion to reconsider and demands that the Defendants make such a decision. The Plaintiff now seeks a Court order requiring the Defendants to adjudicate his motion.

## PRAYERS FOR RELIEF

WHEREFORE the Plaintiff respectfully prays that this honorable Court enter an order:

(a)     accepting jurisdiction over the subject matter in this action;

(b)     requiring Defendants to adjudicate the Plaintiff's Motion to Reconsider within a period of time specified by the Court;

(c)     awarding the Plaintiffs all costs and reasonable attorney's fees associated with this matter; and

(d)     granting such other relief at law and in equity as justice may require.

**Respectfully submitted,**

**Angelo Stifano Mazzone**
**By his attorney,**


**/s/ Anthony Drago, Esq.**
**Anthony Drago, Esq. (BBO #552437)**
**Anthony Drago, Jr., P.C.**
**88 Broad Street – 5th Floor**
**Boston, MA 02110**
**(617) 357-0400**
**Anthony@adragopc.com**